**MODIFY and AFFIRM; and Opinion Filed November 7, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01499-CR

**GUY DAVID CHRISTIAN, Appellant**
V.
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-52845-Q**

## MEMORANDUM OPINION
Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Fillmore

Guy David Christian pleaded guilty to burglary of a building, and the trial court assessed punishment of two years' confinement and ordered him to pay $219 in court costs. In his first point of error, Christian requests that we reform the trial court's judgment to accurately reflect there was not a plea bargain agreement in this case. In his second point of error, Christian asserts there is insufficient evidence in the record to support the trial court's order that he pay $219 in court costs and, therefore, the judgment should be reformed to delete the order that he pay court costs. We modify the trial court's judgment to reflect there was not a plea bargain agreement in this case. As modified, we affirm the trial court's judgment. We issue this memorandum opinion because the law to be applied in this case is well settled. *See* TEX. R. APP. P. 47.4.

## Modification of Judgment

Christian was indicted for burglary of a building. He pleaded guilty to the charge and went "open" to the trial court for punishment. Christian initially requested probation and drug treatment. He subsequently refused to be interviewed by the probation department and withdrew his request for probation. The trial court sentenced Christian to two years' confinement. The portion of the trial court's judgment titled "<u>Terms of Plea Bargain:</u>" states "2 years state jail."

In his first point of error, Christian requests that we modify the trial court's judgment to reflect there was not a plea bargain agreement in this case. We may modify a trial court's written judgment to correct a clerical error when we have the necessary information before us to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we resolve Christian's first point of error in his favor and modify the trial court's judgment to reflect there was not a plea bargain as to punishment.

## Court Costs

In his second point of error, Christian requests we reform the trial court's judgment to delete the requirement that he pay court costs because the clerk's record does not contain a bill of costs. If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West. 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id.* art. 103.001.

The clerk's record in this case did not contain a copy of the bill of costs and Christian's designation of record on appeal does not request that a copy of the bill of costs be included in the

record. In light of Christian's specific complaint that the clerk's record did not contain a bill of costs, we ordered the Dallas County District Clerk to file a supplemental clerk's record containing the certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted). Christian's complaint that the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs is now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, pet. filed) (citing *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We resolve Christian's second point of error against him.

In response to the Court's order requiring supplementation of the record, Christian filed a motion in which he objects that the bill of costs in the supplemental clerk's record is not a "proper bill of costs" and the bill of costs was not filed in the trial court or brought to the trial court's attention before costs were entered in the judgment.

With respect to his first objection, Christian argues the bill of costs in the record is not a "proper bill of costs" because it is an "unsigned, unsworn computer printout." The code of criminal procedure requires only that a bill of cost be certified and signed "by the officer who charged the cost or the officer who is entitled to receive payment for the cost," "stating the costs that have accrued" if the cause is appealed. TEX. CODE CRIM. PROC. ANN. art. 103.001, .006. Here, the district clerk provided a "Bill of Costs Certification" containing the costs that have accrued to date in Christian's case; it is certified and signed by the district clerk. We conclude the supplemental record filed by the clerk meets the mandate of the code of criminal procedure. *See Coronel*, 2013 WL 3874446, at *4.

With respect to his second objection, Christian complains that there is no indication the bill of costs was filed in the trial court or brought to the trial court's attention before costs were

entered in the judgment. However, there is no requirement that a bill of costs be presented to the trial court at any time before judgment. *Id.* at *5. We deny Christian's motion objecting to the supplemental record.

Finally, we note that in his original brief and his objection to the bill of costs, Christian does not challenge the propriety or legality of the specific costs assessed; therefore, we do not address these matters.

The trial court's judgment is affirmed as modified.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121499F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GUY DAVID CHRISTIAN, Appellant

No. 05-12-01499-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. F12-52845-Q.
Opinion delivered by Justice Fillmore,
Justices Bridges and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The portion of the trial court's judgment titled "Terms of Plea Bargain:" is modified to state "OPEN."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 7th day of November, 2013.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

–5–